**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 1:06-123 |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Martin F. Salazar, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Martin F. Salazar ("Defendant") was found guilty on February 8, 2007, for making false statements in violation of 18 U.S.C. § 1001. He was sentenced to a term of imprisonment for twelve months and one day and to three years of supervised release. He was also ordered to pay restitution in the amount of $20,437.88. Defendant, appearing pro se, filed motions on December 15, 2010, and September 7, 2011, challenging his sentence of restitution. ECF No. 229 & 237.

Defendant argues that the court erred in imposing a sentence of restitution despite finding that he did not have the ability to pay a fine. This argument is inapposite because the authorities cited by Defendant concern the court's *discretionary* power to award restitution under 18 U.S.C. §§ 3663 & 3664. A court must consider the defendant's ability to pay before awarding such restitution. Defendant, on the other hand, was sentenced to pay restitution under 18 U.S.C. § 3663A, which *requires* the court to order restitution in specified cases. The court may not refuse to impose mandatory restitution based on Defendant's inability to pay. Furthermore, a challenge to the lawfulness of Defendant's sentence must be brought as a motion under 28 U.S.C. § 2255, and Defendant emphasizes that his motion "is not . . . a consecutive Section 2255 motion." ECF No. 229 at 2.

Defendant further argues that the "OPM [Office of Personnel Management] alone has the proper authority to demand repayment under color of law," and contends that a sentence of restitution will result in a double repayment of the money wrongfully obtained. ECF No. 229 at 11. As authority for this proposition, Defendant cites numerous civil cases in which the OPM has collected money overpaid to individuals. "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in" a federal or state civil proceeding. 18 U.S.C. § 3664(j)(2). Defendant has identified neither a civil judgment requiring him to repay the OPM nor any funds actually collected from him by the OPM. Because Defendant has not demonstrated any grounds for adjusting his sentence of restitution, his motions are denied.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

November 28, 2011
Columbia, South Carolina